IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN C. HEATON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV2 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | MEMORANDUM AND ORDER |
| Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's Motion to Compel (Filing No. 31), plaintiff's Motion to Amend Complaint (Filing No. 32), and defendant's response to the court's January 5, 2007 Order. (Filing No. 39).

**Motion to Amend**

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . .Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.' " *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 907-08 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

The court has reviewed the amended complaint, and defendant's objection to the amended complaint. Because the court concludes that the amended complaint does not

alter the original claims, the court grants plaintiff's motion to amend. Plaintiff's complaint will be deemed amended by Filing No. 32.

**Motion to Compel**

Next, plaintiff asks the court to compel defendant to truthfully and faithfully answer his Interrogatories and Requests for Production of Documents. Specifically, plaintiff challenges defendant's Answers to Interrogatories Nos. 6 and 7 as nonresponsive and factually incorrect, and states that he wishes to amend Interrogatory No. 10 to state: "Provide all reasons for the 2005 change in the policy of employee investigation by the offices of Postal inspectors and the Postal Inspector General." Finally, it appears that plaintiff is generally challenging defendant's objection that plaintiff's Interrogatories are overly broad and burdensome.

Defendant argues that it has provided extensive disclosures in this case, and is willing to work with plaintiff to resolve discovery disputes.

The court has reviewed defendant's responses, and plaintiff's challenges, to Interrogatories No. 6 and 7 and concludes that the responses provided by defendant were sufficient. Plaintiff is merely challenging the factual accuracies of defendant's responses, and as was explained to plaintiff at the parties planning conference, the court will not resolve factual challenges in a motion to compel. With respect to plaintiff's amended Interrogatory No. 10, plaintiff shall serve upon defendant the amended Interrogatory.

Finally, plaintiff's remaining discovery challenges are overly general and difficult to understand, however, from the parties discussions at the Rule 16 planning conference it appears that plaintiff is also objecting to defendant's responses to Interrogatories 14 & 15, which state:

2

>Interrogatory No. 14: Please supply the names of all Postal employees, world-wide, who you have subjected to surveillance by any agent of the USPS while on sick leave since January 1994 in which that surveillance resulted in any disciplinary action up to and including termination.
>
>Interrogatory No. 15: Please provide names of all Postal employees, world-wide, who you have issued "Letters of Indebtedness" for the buy-back of sick leave and/or annual leave related to an on the job injury since January 1994.

Defendant responded to these requests by arguing that they were overly broad and burdensome, as the United States Postal Service employs over 800,000 employees world-wide. Defendant conceded that if plaintiff narrowed the scope of the requests defendant could respond to the Interrogatories.

The court agrees that these Interrogatories are overly broad and burdensome and not sufficiently relevant to the plaintiff's claim. Rule 26(b) requires that the discovery requested is relevant to the claim or defense of the party. Relevant information must appear reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). Plaintiff is instructed to significantly alter his discovery requests to make them relevant to the claims in this case. Therefore, the plaintiff may only request information within the time frame of the incidents that are the basis for his claims in this law suit, and plaintiff shall limit his requests to employees located in his work unit.

Plaintiff is also advised that parties to a lawsuit ordinarily will work together to resolve discovery disputes before seeking the court's intervention. While it is daunting for a pro se plaintiff to proceed through the discovery process without the aid of an attorney, plaintiff must contact defendant's counsel and attempt to work out discovery disputes before involving the court.

3

**Jury Trial**

The parties came before this court on January 5, 2007 for a Rule 16 planning conference. During the conference, plaintiff indicated that in a filing with this court he had requested a jury trial. In an order issued by this court on January 5, 2007, the parties were ordered to advise the court regarding their positions on plaintiff's jury demand. After reviewing the submissions of the parties and the record, the court determines that plaintiff is not entitled to a jury trial.

Fed. R. Civ. P. 38(b) requires that a demand for a jury trial be made "not later than 10 days after the service of the last pleading directed to such issue." The Eighth Circuit will find a complete waiver where a jury demand has not been timely made, whether the failure was "inadvertent, unintended and regardless of the explanation or excuse." *Scharnhorst v. Independent Sch. Dist. No.*, *710*, 686 F.2d 637, 641 (8th Cir. 1982), cert. denied, 462 U.S. 1109 (1983) (citations ommitted); see also *King v. Patterson*, 999 F.2d 351, 353 (8th Cir. 1993) (denying pro se plaintiff's untimely jury demand).

Here, Plaintiff did not timely file a request for a jury trial. Plaintiff's request for a jury trial came in the parties joint Rule 26 report over eight months after plaintiff filed his complaint in this case.

Furthermore, while Rule 39 allows a party to seek relief from such a waiver, the plaintiff is also not entitled to a jury trial against the United States under either the Rehabilitation Act or the Family and Medical Leave Act (FMLA).

The Seventh Amendment right to a jury trial does not apply against the federal government, and plaintiff has a right to a jury trial "only where Congress has affirmatively

4

and unambiguously granted that right by statute." *Lehman v. Nakshian*, 453 U.S. 156, 160-61, 168 (1981). The Postal Service is part of the government of the United States. See 39 U.S.C. § 201. Because neither the Rehabilitiation Act nor the FMLA have affirmatively granted plaintiff a right to a jury trial, plaintiff is not entitled to a jury trial in this case. *See Crawford v. Runyon*, 79 F.3d 743, 744 (8th Cir. 1996) (concluding plaintiff has no right to a jury trial on claims brought against the United States under the Rehabilitation Act); *Davis v. Henderson*, 238 F. 3d 420 (6th Cir. 2000) (holding that the FMLA does not grant plaintiffs a right to a jury trial for claims against the United States).

IT IS ORDERED:

    1. That plaintiff's Motion to Amend his Complaint (Filing No. 32) is granted;

    2. Plaintiff's Motion to Compel (Filing No. 31) is granted in part, and denied in part as set forth in this Memorandum and Order;

    3. Plaintiff's request for a Jury Trial is denied.

DATED this 29th day of January, 2007.

                              BY THE COURT:

                              s/ F.A. Gossett
                              United States Magistrate Judge