# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **STEVEN C. HEATON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **8:06CV2** |
| | ) | |
| **JOHN POTTER, POSTMASTER** | ) | **BRIEFING SCHEDULE** |
| **GENERAL UNITED STATES** | ) | |
| **POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

On July 30, 2007, the defendant filed a Motion for Summary Judgment [58], an Evidence Index [59] & [60], and a brief in support of the motion [61].

The plaintiff is advised that he must comply with Rules 7.1 and 56.1 of the Local Rules of Practice in responding to the defendant's motion.  Copies of NECivR 7.1 and 56.1 are attached to this order.

**IT IS ORDERED:**

1.    Plaintiff is given until and including **August 22, 2007** to respond to defendant's Motion for Summary Judgment by filing a brief and/or evidence index in accordance with the Local Rules of Practice.

2.    The defendant may file a reply brief and/or evidence within **five (5) business days** after the plaintiff files and serves his response to the Motion for Summary Judgment.

3.    The Motion for Summary Judgment [58] will be deemed submitted for decision upon the expiration of this briefing schedule.

**DATED August 3, 2007.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

**NECivR 7.1 (rev. 1/26/2007)**

**7.1** **Motion Practice.** All motions, applications, requests, and petitions of a miscellaneous nature shall be filed and considered in accordance with this rule. Except as otherwise stated in this rule, a party who fails to observe the requirements of this rule may be deemed to have abandoned in whole or in part that party's position on the pending motion.

    **(a)** **Making a Motion.** A party making a motion shall state the basis for the motion and the specific relief requested.

        **(1)** **Supporting Brief.**

            **(A)** **Substantial Issue of Law.** A motion raising a substantial issue of law must be supported by a paginated brief filed and served contemporaneously with the motion. The brief shall not be attached to or incorporated in the motion or the index of evidence, but shall be a separate filing. The brief shall state concisely the reasons for the motion and cite the authorities relied upon. The brief shall not recite facts unless supported as provided in subparagraph (a)(2) of this rule.

            **(B)** **No Substantial Issue of Law.** A party need not file a brief if the motion raises no substantial issue of law and relief is within the court's discretion. Examples include motions to which all parties consent, to withdraw as counsel to a party, for an extension of time, or for leave to proceed in forma pauperis. Should the court conclude that the motion raises a substantial issue of law, however, it may treat a party's failure to file a brief as an abandonment of the motion.

        **(2)** **Evidence and Evidence Index.**

            **(A)** **Factual Support.** Except for discovery motions described in subparagraph (i) of this rule, if a motion requires the court to consider any factual matters not established by the pleadings, the moving party at the time of filing the supporting brief shall also file and serve the evidentiary materials on which the party is relying and which have not previously been filed. Every factual assertion in the motion and the supporting brief shall cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence upon which the moving party relies.

            **(B)** **How to File.** The filing of evidence in support of a motion shall be governed by Administrative Procedure IV.B. Evidentiary materials shall not be attached to the brief but shall instead be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates.

            **(C)** **Required Affidavit.** Any documents filed with the index must be identified and authenticated by affidavit. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated therein, and identify the motion in connection with which the affidavit is filed.

**(b) Opposing a Motion.**

    **(1) Opposing Brief.**

        **(A) Form and Content.** The party opposing a motion shall not file an "answer," or "opposition," "objection," or "response" to a motion, or any similarly titled responsive pleading, but instead shall file a paginated brief which concisely states the reasons for opposing the motion and cites the authorities relied upon. The brief shall not recite facts unless supported as provided in subparagraph (b)(2) of this rule.

        **(B) Time for Filing.** A brief opposing a motion to dismiss or for summary judgment must be filed and served no later than twenty (20) calendar days after the motion and supporting brief are filed and served. A brief opposing any other motion must be filed and served no later than ten (10) business days after the motion and supporting brief are filed and served.

        **(C) Effect of Failure to File.** Failure to file an opposing brief shall not be considered to be a confession of the motion, but shall preclude the nonmoving party from contesting the moving party's statement of facts.

    **(2) Evidence and Evidence Index.**

        **(A) Factual Support.** The non-moving party shall, at the time of filing the opposing brief, also file and serve any evidentiary materials on which the party is relying and which have not previously been filed. Every factual assertion in the opposing brief shall cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence relied on by the non-moving party.

        **(B) How to File.** The filing of evidence in opposition to a motion shall be governed by Administrative Procedure IV.B. Evidentiary materials shall not be attached to the brief but shall instead be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates.

        **(C) Required Affidavit.** Any documents filed with the index must be identified and authenticated by affidavit. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated therein, and identify the motion in connection with which the affidavit is filed.

**(c) Replying to Opposing Briefs and Evidence.** The moving party may file a reply brief and index of evidence no later than five (5) business days after the non-moving party files and serves the opposing brief. The reply brief may not merely repeat the moving party's initial arguments, but must address factual or legal issues raised in the opposing brief. No further briefs or evidence may be filed without the court's leave. If the moving party has not filed an initial brief, it may not file a reply brief without the court's leave.

(d) **Request for Oral Argument.** When filing a supporting, opposing, or reply brief, a party may include a motion or request to present oral argument, with or without oral testimony. In general, however, the court will not grant leave for oral argument on motions. The brief of the moving party shall state why oral argument or an evidentiary hearing is requested or will be of assistance to the court's determination of the issue raised by the motion, and approximately how much time will be required for the argument or hearing.

(e) **Request for Oral Testimony.** A party failing to request oral testimony consents to a submission of the motion without oral testimony. No oral testimony will be permitted without the court's prior leave.

(f) **Submission of Motions.** Unless the court grants leave for oral argument, a motion shall be deemed submitted on the briefs and the evidence filed, if any, when the time limit specified in subparagraph (c) of this rule expires. The judge to whom the matter has been assigned or referred may reject a brief filed without leave after the motion has been submitted.

(g) **Procedures for Motions for Summary Judgment.** *See* Nebraska Civil Rule 56.1.

(h) **Extensions of Time for Filing or Responding to Motions.** *See* Nebraska Civil Rule 6.1.

(i) **Discovery Motions.** To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord. This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them. As used in this rule, "counsel" includes parties who are acting pro se.

   (1) **"Personal Consultation" Defined.** "Personal consultation" shall include person-to-person conversation, either in the physical presence of each counsel or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails between or among counsel may also constitute personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the non-moving party.

   (2) **Form.** A discovery motion shall include in the text of the motion or in an attachment a verbatim recitation of each interrogatory, request, answer, response, and objection that is the subject of the motion.

(j) **Conference Telephone Calls.** The judge may conduct a hearing on a motion by telephone conference or, if available, video conference.

(k) **Certificate of Service.** All motions, briefs, and evidence indexes require a certificate of service under Nebraska Civil Rule 5.4.

**NECivR 56.1 (rev. 1/26/2007)**

**56.1   Summary Judgment Procedure.**  Except as otherwise provided in this rule, the procedures of Nebraska Civil Rule 7.1 apply to motions for summary judgment. Generally, the court will not hear oral argument on summary judgment motions.

    **(a) Moving Party.**

        **(1) Statement of Material Facts.**   The moving party shall set forth in the brief in support of the motion for summary judgment a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law. Failure to submit a statement of facts constitutes grounds for denial of the motion.

        **(2) Form; Citation to Record.**  The statement of facts shall consist of short numbered paragraphs, each containing pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials relied upon to support the material facts recited in that paragraph. A fact is "material" if pertinent to the outcome of the issues identified in the motion for summary judgment. The statement of facts shall describe the parties and recite all facts supporting the court's venue and jurisdiction. The statement shall not contain legal conclusions. Failure to provide citations to the exact locations in the record supporting the factual allegations shall be grounds to deny the motion.

    **(b) Opposing Party.**

        **(1) Response to Movant's Statement.** The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts. The response shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.

        **(2) Response Time.** An opposing brief may be filed no later than twenty (20) calendar days after service of the motion and supporting brief. Failure to file an opposing brief alone shall not be considered to be a confession of the motion; however, nothing in this rule shall excuse a party opposing a motion for summary judgment from meeting the party's burden under Federal Rule of Civil Procedure 56.